# WILLIAM C. RODGERS v. WILLIAM KRANKENHAGEN.[1]

October 3, 1930.

No. 28,051.

*Kueffner & Marks,* for appellant.
*Morphy, Bradford, Cummins & Cummins,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial.

Defendant made a written contract with C. A. Cochran wherein the former agreed to and did advance $10,000 to Cochran toward a proposed Hardstone Brick Manufacturing Corporation and Cochran agreed in the contract that if the proposed corporation did not

[1]Reported in 232 N. W. 327.

become a reality within a specified time and under certain conditions the $10,000 should be repaid to defendant. The contract required that Cochran should have the Volkszeitung Printing & Publishing Company "indorse and certify on this agreement a bond, reciting that said Volkszeitung Company will hold itself responsible and guarantee the repayment of said $10,000." Cochran did on the same day procure such guaranty indorsement on the contract. It was executed by the secretary-treasurer. There was no other corporate action by the board of directors or otherwise. Cochran was a stockholder but not an officer of the corporation. The proposed Hardstone Brick Corporation was not organized. Defendant was entitled to the return of his $10,000. Cochran returned $5,000 thereof.

The Volkszeitung company was a Minnesota corporation. It was adjudged a bankrupt July 22, 1927. In January, 1927, it was harassed by creditors. In its business it received many small checks. In order to clear its items and protect the proceeds from garnishment proceedings the defendant agreed to open in his personal name a special bank account wherein he would deposit the items and withdraw the money and deliver it to the corporation as needed. This was done. For this defendant received advertising of the probable value of $150 per month.

On February 28, 1927, without the knowledge of the Volkszeitung company, defendant withdrew from said account $5,262.50 and applied the same as in payment of his claim for $5,000 and interest. He claimed the right under the guaranty above mentioned and so notified the company. The trustee prosecutes this action to recover the money so appropriated.

■ There was no consideration for the Volkszeitung company's becoming such guarantor. None was needed to support an accommodation guarantor, which seems to be all that it assumed to be. The powers of this corporation as defined by its articles of incorporation were numerous and extensive, yet none of such powers assumed to include the power to become an accommodation guarantor of the obligations and contracts of others. The fundamental law of the corporation will admit of no such construction. We need

not discuss the want of authority of the secretary-treasurer to execute the guaranty. It is sufficient to say that the undertaking was beyond the power of the corporation. Such a transaction was outside the objects for which the corporation was created as defined in the law of its organization. It was therefore ultra vires.

■ Appellant claims that the defense of ultra vires is not available where the contract has been fully executed. This contract has never been fully executed. When defendant appropriated the money now in question, he did not get nor did he ask for the consent of the company. It was not a party thereto. He merely appropriated the money under a claim of right. He was mistaken. He had no claim against the corporation. It did not owe him for the simple reason that it was not bound by the guaranty. It did not pay him. Hence the contract was never fully executed.

■ Defendant held the funds in trust. He owed the owner, the corporation, the utmost good faith. His retention and appropriation of the money was unauthorized and wrongful. It was a conversion though he may have acted honestly.

■ The unauthorized act of the secretary-treasurer brought nothing to the corporation. The act of the assistant secretary-treasurer in signing an indorsement on the contract after the appropriation to the effect that the consideration was paid in full and the contract was canceled was ineffectual. He acted without authority. The governing body of the corporation which had control of its affairs knew nothing of these transactions. The corporation received no benefits. The acts involved were not the acts of the board of directors but were the unauthorized acts of the two officials which carried no benefit to the corporation. The corporation did not act. Defendant did not rely upon any official action of the corporation. If he relied upon the unauthorized act of the secretary-treasurer he did so at his peril. The record will not support the claim of estoppel. Plaintiff now stands in the shoes of the corporation and is entitled to recover the funds which defendant has thus appropriated without authority.

Affirmed.